Cite as 2020 Ark. 1

# SUPREME COURT OF ARKANSAS

**No.** CR–19–695

| | |
|---|---|
| JEFFREY MAREK | **Opinion Delivered:** January 9, 2020 |
| PETITIONER | |
| V. | PRO SE MOTIONS FOR BELATED APPEAL AND FOR APPOINTMENT OF COUNSEL [SALINE COUNTY CIRCUIT COURT, NO. 63CR-18-399] |
| STATE OF ARKANSAS | |
| RESPONDENT | |
| | RESPONSE DIRECTED. |

**KAREN R. BAKER, Associate Justice**

Petitioner Jeffrey Marek filed a pro se motion for belated appeal in this court in which he seeks leave to proceed with an appeal of a judgment of conviction and an amended judgment reflecting his conviction on a charge of aggravated assault on a family/household member and his sentence to 120 months' imprisonment in the Arkansas Department of Correction. Marek requests that he be permitted to proceed in forma pauperis, and he filed a pro se motion for appointment of counsel. In the motion for belated appeal, Marek contends that "upon conviction" he requested his attorney, David Cannon, to appeal the judgment and that Cannon failed to file a notice of appeal or otherwise pursue the appeal. Despite a request from one of our staff attorneys that he provide a response to the allegations in the motion by November 6, 2019, Cannon has so far failed to provide any response. Accordingly, because his response is required to resolve the matter, this court now directs

counsel to file an affidavit addressing the allegations in the motion for belated appeal within ten days of this decision.

The judgment Marek would appeal indicates that he was sentenced on September 19, 2018, following a bench trial. The sentencing order was entered October 22, 2018, and the amended sentencing order was entered January 4, 2019, so Marek's September 5, 2019 motion is timely under our procedural rules. Ark. R. App. P.–Crim. 2(e) (2019) (providing that in situations in which no judgment of conviction was entered within ten days of the date sentence was pronounced, application for a belated appeal must be made within eighteen months of the date sentence was pronounced).

Arkansas Rule of Appellate Procedure–Criminal 16 (2019) provides in pertinent part that trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal unless permitted by the trial court or the appellate court to withdraw in the interest of justice or for other sufficient cause. Ark. R. App. P.–Crim. 16(a)(i). A defendant may nevertheless waive his right to appeal by his failure to inform counsel of his or her desire to appeal within the thirty-day period allowed for filing a notice of appeal under Arkansas Rule of Appellate Procedure–Criminal 2(a). *Cribbs v. State*, 2019 Ark. 158.

When a pro se motion for belated appeal is filed in which the petitioner contends that he made a timely request to appeal and the record does not contain an order relieving trial counsel, it is the practice of this court to request an affidavit from the trial attorney in response to the allegations in the motion. *Id.* This is done to provide counsel an opportunity to provide evidence that he was, in fact, relieved or to contest any of the factual allegations

2

in the motion, and a response from the attorney allows this court to better determine if a remand for an evidentiary hearing is appropriate. *See id.* The practice was followed here, and Cannon's response in the matter is required.

Response directed.