Cite as 2020 Ark. App. 347

# ARKANSAS COURT OF APPEALS

**No.** CR–20–299

| | |
|---|---|
| TONY RAY REEVES<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** June 3, 2020<br><br>ARKANSAS COUNTY CIRCUIT COURT, SOUTHERN DISTRICT [NO. 01DCR-17-47]<br><br>PRO SE MOTIONS FOR BELATED APPEAL AND FOR APPOINTMENT OF COUNSEL<br><br>RESPONSE DIRECTED |

## PER CURIAM

Tony Ray Reeves filed a pro se motion for belated appeal in this court seeking leave to proceed with an appeal of his conviction of delivery of methamphetamine, a Class C felony, and sentence of 180 months' imprisonment in the Arkansas Department of Correction. Reeves requests that he be permitted to proceed in forma pauperis, and he filed a pro se motion for appointment of counsel. In the motion for belated appeal, Reeves contends that he requested his attorney, Kyle Stoner, to appeal the judgment but that Mr. Stoner failed to file a notice of appeal or otherwise pursue the appeal. Despite a request from the office of the criminal justice coordinator that he provide a response to the allegations in the motion by May 19, 2020, Mr. Stoner has failed to provide any response. Because his response is required to resolve the matter, this court directs counsel to file an affidavit addressing the allegations in the motion for belated appeal within ten days of this decision.

The judgment indicates that Reeves was sentenced on July 25, 2019, following a jury trial. The sentencing order was entered August 6, 2019, so Reeves's May 5, 2020 motion is timely under our procedural rules. Ark. R. App. P.–Crim. 2(e) (2019) (providing that in situations in which no judgment of conviction was entered within ten days of the date sentence was pronounced, application for a belated appeal must be made within eighteen months of the date sentence was pronounced).

Under Arkansas Rule of Appellate Procedure–Criminal 16, trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal unless permitted by the trial or appellate court to withdraw in the interest of justice or for other sufficient cause. Ark. R. App. P.–Crim. 16(a)(i). A defendant may nevertheless waive his right to appeal by his failure to inform counsel of his desire to appeal within the thirty-day period allowed for filing a notice of appeal under Arkansas Rule of Appellate Procedure–Criminal 2(a). *Marek v. State*, 2020 Ark. 1.

When a pro se motion for belated appeal is filed in which the appellant contends that he made a timely request to appeal and the record does not contain an order relieving trial counsel, it is the practice of our appellate courts to request an affidavit from the trial attorney in response to the allegations in the motion. *Id.* This provides counsel an opportunity to offer evidence that counsel was, in fact, relieved or to contest any of the factual allegations in the motion, and a response also allows this court to better determine if remand for an evidentiary hearing is appropriate. *See id.* The practice was followed here, and Mr. Stoner's response is required.

Response directed.